## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMY G. STRICKLAND** | **CIVIL ACTION** |
| **VERSUS** | **NO.   21-2307** |
| **TRAVIS DAY, WARDEN RAYBURN CORRECTIONAL CENTER** | **SECTION: "E"(5)** |

### <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.   Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.   *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

### *Procedural History*

Petitioner, Jeremy G. Strickland, is a convicted inmate currently incarcerated at the B.B. Rayburn Correctional Center in Angie, Louisiana.   On January 27, 2000, Strickland was charged by bill of indictment in the Twenty-First Judicial District Court in docket number 93414 with two counts of forcible rape in violation of La. Rev. Stat. § 14:42.1, two counts of second-degree kidnapping in violation of La. Rev. Stat. § 14:44.1, two counts of oral sexual battery in violation of La. Rev. Stat. § 14:43.3, and one count of false impersonation in violation of La. Rev. Stat. § 14:112.[1]   On October 22, 2001, after the trial judge offered him

---

[1] State Rec., Vol. 1 of 5, Bill of Indictment, 1/27/00.   Strickland was also contemporaneously

a sentence of 40 years, Strickland entered a best interest plea of no contest.[2]    On November 14, 2001, Strickland was sentenced to 40 years as to each count of forcible rape and kidnapping, 15 years as to each count of oral sexual battery, and 90 days as to false impersonation, each sentence to run concurrent and coterminous.[3]    Strickland's conviction became final 30 days later, on December 14, 2001, when he did not seek reconsideration of the sentence or pursue a direct appeal.    *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); *Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for seeking leave to file a notice of appeal under La. Code Crim. P. art. 914).

After the Louisiana Department of Corrections notified him that he was serving a "flat" 40-year sentence, on May 8, 2002, Strickland filed a motion to enforce the plea agreement or to withdraw his pleas, claiming that he was not sentenced at hard labor.[4]    The state district court denied the motion after a hearing on June 18, 2002.[5]

---

prosecuted under docket numbers 93532 (aggravated criminal damage to property), 93575 (solicitation to commit murder), 95675 (two counts of solicitation to commit murder), 91860 (theft), 94888 (issuing worthless checks), 95791 (theft), 85074 (two counts of theft probation revocation), 86730 (unauthorized use of a motor vehicle probation revocation), and 886699 (three counts of simple burglary probation revocation).    *See* State Rec., Vol. 4 of 5, *Boykin* Transcript, 10/22/01; State Rec., Vol. 3 of 5, Sentencing Transcript, 11/14/01. Strickland's habeas petition only challenges his convictions and sentences under docket 93414.    *See* Rec. Doc. 1, at p. 1.

[2]    State Rec., Vol. 1 of 5, Minute Entry, 10/22/01; State Rec., Vol. 4 of 5, *Boykin* Transcript, 10/22/01.

[3]    State Rec., Vol. 1 of 5, Minute Entry, 11/14/01; State Rec., Vol. 3 of 5, Sentencing Transcript, 11/14/01.

[4]    State Rec., Vol. 3 of 5, Motion for Enforcement of Plea Agreement and/or Withdrawal of Guilty Plea, 5/8/02.

[5]    State Rec., Vol. 1 of 5, Minute Entry, 6/18/02.

On November 2, 2003, Strickland filed a motion to withdraw his pleas claiming: (1) he was unlawfully induced to plead no contest in violation of due process; (2) he was denied effective assistance of counsel when his attorney failed to file a direct appeal; (3) his pleas were not knowing and voluntary; (4) his sentences related to his violation of probation in other cases violate principles of double jeopardy.[6]     The state district court denied the motion on November 10, 2003.[7]     On December 1, 2003, Strickland filed a writ application related to the denial of the motion to withdraw his no contest pleas.[8]     On February 9, 2004, the Louisiana First Circuit denied the writ application.[9]     Strickland filed a related writ application with the Louisiana Supreme Court on March 3, 2004.[10]     On March 11, 2005, the Louisiana Supreme Court denied the writ application without reasons.[11]

On November 5, 2003, Strickland filed an application for post-conviction relief with the trial court.[12]     In that application, he asserted that the trial judge violated American Bar

---

[6]  State Rec., Vol. 3 of 5, Motion to Withdraw Guilty Pleas, 11/6/03 (signed 11/2/03).

[7]  State Rec., Vol. 3 of 5, Order 11/10/03.

[8]  The state-court record does not include a copy of the writ application.     The State explains that the Louisiana First Circuit was unable to provide a copy of this writ application and several others because it has a five-year file retention policy for writ applications.     *See* Rec. Doc. 9, at p. 2.     The State further claims that Strickland did not file a copy with the state district court.     *Id.*     The state-court record includes a copy of the "writ backer."     *See* State Rec., Vol. 3 of 5, Writ Backer, 2003 KW 2689, 12/1/03.

[9]  State Rec., Vol. 3 of 5, La. 1st Cir. Order, 2003 KW 2689, 2/9/04.

[10]  State Rec., Vol. 3 of 5, La. S. Ct. Writ Application, 04 KH 731, 3/22/04 (signed 3/3/04).

[11]  *State ex rel. Strickland v. State*, No. 2004-KH-0731 (La. 3/11/05), 896 So. 2d 54; State Rec., Vol. 4 of 5.

[12]  State Rec., Vol. 3 of 5, Uniform Application for Post-Conviction Relief and Memorandum in Support of Petition.     Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006).     The post-conviction application made a part of the state record is dated November 5, 2003.

Association Standard 4.1 by interjecting himself in the plea bargain process by offering him a 40-year sentence to induce him to plead no contest.    That application was denied by undated order.[13]    Strickland filed a related writ application with the Louisiana First Circuit, which was denied on April 2, 2004, for the failure to include copies of the pleas.[14] Strickland filed a writ application with the Louisiana Supreme Court on April 28, 2004.[15] On March 11, 2005, the Louisiana Supreme Court denied his writ application without reasons.[16]

The record reflects that on December 11, 2003, Strickland filed a writ application with the Louisiana First Circuit, although the Court is unable to connect the writ application with any state-court ruling.[17]    On January 27, 2004, the Louisiana First Circuit denied Strickland's writ application on the showing made, finding that he failed to include a copy of his plea transcripts, documentation showing the sentences imposed, or any other pertinent information from the district court record.[18]

On December 21, 2011, Strickland filed an application for writ of habeas corpus alleging his counsel failed to appeal his case.[19]    The State filed its procedural objections on

---

[13]    State Rec., Vol. 3 of 5, Order (undated).

[14]    State Rec., Vol. 4 of 5, La. 1st Cir. Order, 2004 KW 0297, 4/2/04.    The state-court record does not include a copy of the writ application.

[15]    State Rec., Vol. 4 of 5, La. S. Ct Writ Application, 04 KH 1267, 5/27/04 (signed 4/28/04).

[16]    *State ex rel. Strickland v. State*, 2004-KH-1267 (La. 3/11/05), 896 So. 2d 59; State Rec., Vol. 4 of 5.

[17]    The state-court record does not include a copy of the writ application.    The state-court record includes the "writ backer."    *See* State Rec., Vol. 3 of 5, Writ Backer, 2003 KW 2815, 12/11/03.

[18]    State Rec., Vol. 3 of 5, La. 1st Cir. Order, 2003 KW 2815, 1/27/04.

[19]    The state-court record does not include a copy of the application.    However, the State's procedural objections to the application indicate that the application was filed on December 21, 2011.    *See*

March 6, 2012, claiming that state habeas corpus was not the proper remedy as Strickland had already been sentenced, and that, while an application for post-conviction relief would be the proper avenue to seek relief, any such application would be untimely and repetitive pursuant to La. Code Crim. P. arts. 930.8(A) and 930.4.[20]    On March 14, 2012, the state district court sustained the State's objections and denied Strickland's application for writ of habeas corpus.[21]    On April 25, 2012, Strickland filed a motion indicating that he "he realized his motion is improperly filed and desires that his court date be continued for at least four months so that he may prepare and file the proper motion for the relief for which he seeks."[22] On April 30, 2012, the state district court set a hearing for June 12, 2012.[23]    On May 2, 2012, Strickland filed a motion for permission to file an out-of-time appeal.[24]    On May 4, 2012, the state district court denied the motion.[25]    On June 12, 2012, the state district court held a hearing on "various motions," including Strickland's application for habeas corpus, denied them, and also found that any motions filed after March 12, 2012 were moot.[26]

Strickland filed a writ application with the Louisiana First Circuit Court of Appeal, although it is not clear whether the application related to the denial of his application for

---

State Rec., Vol. 3 of 5, State's Procedural Objections to Defendant's Application for Habeas Corpus, 3/6/12.

[20]   State Rec., Vol. 3 of 5, State's Procedural Objections to Defendant's Application for Habeas Corpus, 3/6/12.

[21]   State Rec., Vol. 3 of 5, Order 3/14/12.

[22]   State Rec., Vol. 3 of 5, Motion to Continue, 4/25/12.

[23]   State Rec., Vol. 3 of 5, Order, 4/30/12.

[24]   State Rec., Vol. 3 of 5, Motion for Permission to File Out of Time Appeal, 5/4/12 (signed 5/2/12).

[25]   State Rec., Vol. 3 of 5, Order, 5/4/12.

[26]   State Rec., Vol. 1 of 5, Minute Entry, 6/12/12.

habeas corpus or his motion for leave to file an out-of-time appeal.[27]    On September 12,

2012, the Louisiana First Circuit denied relief citing La. Code Crim. P. art. 930.8(a).[28]

On December 5, 2014, Strickland filed a counseled motion to enforce the plea

agreement claiming that, by use of the word "coterminous" at sentencing, the sentence was

intended to allow him to released upon the completion of the shortest term of

incarceration.[29]    The motion was denied at a hearing on May 6, 2015.[30]    Strickland filed a

related counseled writ application.[31]    On September 8, 2015, the Louisiana First Circuit

denied Strickland's writ application, finding as follows:

> It is unfortunate that the trial court repeated the term coterminous, which
> relator's attorney mentioned first, when imposing relator's sentences.
> Nevertheless, a review of the entire guilty plea transcript makes it absolutely
> clear that in exchange for relator's no contest pleas, relator would be
> sentenced to a total of forty years imprisonment at hard labor for the
> numerous offenses.    The guilty plea transcript further reflects that defense
> counsel advised relator that if he were eligible for good time, the shortest
> sentence he would serve in prison would be thirty-four years.    For these
> reasons, this Court finds that relator's no contest pleas were not induced by a
> plea bargain which promised that relator would be released upon completion
> of his shortest sentence.    Therefore, realtor has failed to establish that he is
> entitled to withdraw his no contest pleas.    See **State v. Ridgley**, 96-0680 (La.
> App. 1st Cir. 2/20/98), 708 So.2d 793, 794-95, <u>writ denied</u>, 98-0759 (La.
> 7/2/98), 724 So.2d 206.[32]

The Louisiana Supreme Court denied Strickland's related writ application without

---

[27]  The state-court record does not include a copy of this writ application.

[28]  State Rec., Vol. 4of 5, La. 1st Cir. Order, 2012 KW 1319, 9/12/12.

[29]  State Rec., Vol. 4of 5, Motion to Enforce Sentence/Plea Agreement and Memorandum in Support
Thereof, undated.

[30]  State Rec., Vol. 1 of 5, Minute Entry, 5/6/15; State Rec., Vol. 4 of 5, Hearing Transcript, 5/6/15.

[31]  State Rec., Vol. 4 of 5, La. 1st Cir Writ Application, 2015-KW-1137, 7/22/15.

[32]  State Rec., Vol. 4 of 5, La. 1st Cir. Order, 2015 KW 1137, 9/8/15.

reasons on October 10, 2016.[33]

Strickland next sought administrative/civil review of the Department of Corrections parole calculations for his sentences based on the coterminous language in the Nineteenth Judicial District Court.[34]    On December 21, 2017, on appeal, the Louisiana First Circuit, citing its September 8, 2015 denial of Strickland's writ application wherein he sought to withdraw his prior pleas, concluded that the Department's calculations were not improper, and affirmed the district court's judgment dismissing his petition for judicial review.[35]

Strickland next filed another state habeas petition on January 16, 2018, claiming the trial court exceeded its jurisdiction by offering and entering into an unenforceable sentence agreement.[36]    On February 28, 2018, the state district court set a hearing for April 25, 2018.[37]    The State filed procedural objections on March 23, 2018.[38]    In an undated order, the state district court dismissed Strickland's application was untimely.[39]    At a hearing on April 25, 2018, at which neither Strickland nor defense counsel was present, the state district court removed the matter from the docket at the State's request.[40]    Strickland then sought

---

[33]    *State v. Strickland*, 2015-OK-1843, (La. 10/10/16), 207 So. 3d 402; State Rec., Vol. 4 of 5; *id.*, La. S. Ct. Writ Application, 15 KK 1843, 10/9/15.

[34]    A copy of this action is not included in the state-court record.

[35]    *Strickland v. Louisiana Dept. of Public Safety & Corrections,* 2017 CA 0829 (La. App. 1 Cir. 12/21/17), 240 So. 3d 970.

[36]    State Rec., Vol. 3 of 5, Application for Habeas Corpus, 1/16/18 (signed 1/15/18).

[37]    State Rec., Vol. 3 of 5, Order, 2/28/18.

[38]    State Rec., Vol. 5 of 5, State's Objection to Defendant's Application of Habeas Corpus, 3/23/18.

[39]    State Rec., Vol. 5 of 5, Order, undated.

[40]    State Rec., Vol. 1 of 5, Minute Entry, 4/25/18.

to reset the hearing initially ordered by the state district court, a request the court denied on May 8, 2018.[41]    Strickland filed a related writ application with the Louisiana First Circuit on June 7, 2018.[42]    The Louisiana First Circuit denied his related writ application on September 17, 2018.[43]    The Louisiana Supreme Court denied Strickland's related writ application without assigning reasons on September 17, 2019.[44]

On January 8, 2020, Strickland then brought a civil action in the Twenty-First Judicial District Court seeking declaratory and injunctive relief for contractual and constitutional violations.[45]    On January 23, 2000, the suit was dismissed *sua sponte* with prejudice.[46] The court reasoned "there is no cause of action in a civil proceeding to seek the relief sought by Petitioner in this action, and that [petitioner's] proper remedy would be to seek relief in the criminal proceeding giving rise to this claim through an action such as through post-conviction relief."[47]    The court ordered the "suit be dismissed, with prejudice, as a civil proceeding, with leave to Petitioner to seek relief through the proceedings giving rise to his criminal prosecution."[48]

Strickland then filed another application for post-conviction relief on April 6, 2020,

---

[41]    State Rec., Vol. 3 of 5, Motion to Reset Hearing, 5/8/18; Order 5/8/18.

[42]    State Rec., Vol. 3 of 5, La. 1st Cir. Writ Application, 2018 KW 4830196, 6/12/18 (signed 6/7/18).

[43]    *State v. Strickland*, 2018 KW 0799, 2018 WL 4830196 (La. App. 1 Cir. Sept. 17, 2018); State Rec., Vol. 4 of 5; La. S. Ct. Writ Application, 18 KH 1781, 10/3018 (signed 10/14/18).

[44]    *State v. Strickland*, 2018-KH-01781 (La. 9/17/19), 278 So. 3d 975; State Rec., Vol. 5 of 5.

[45]    Rec. Doc. 1-2, pp. 5-17.

[46]    State Rec., Vol. 3 of 5, Order, 1/23/20.

[47]    *Id.*

[48]    *Id.*

claiming: (1) the trial court exceeded its legal authority in offering Strickland a definite sentence in exchange for his plea and over the objection of the State in violation of due process and (2) the "guilty plea" was structurally flawed as it was predicated on an illegal sentence in violation of due process.[49]   He claimed that the state district court judge who dismissed his civil petition granted him leave to file the application.[50]   On December 16, 2020, the State filed a motion to dismiss Strickland's application for post-conviction relief claiming it was untimely.[51]   On December 30, 2020, the state district court granted the State's motion to dismiss the application based on procedural default.[52]   Strickland sought reconsideration of the ruling and additional time to seek a writ.[53]   The motion was denied on January 27, 2021 and February 2, 2021.[54]

Strickland filed a writ application related to the denial of his application for post-conviction relief and the motion to reconsider.[55]   The Louisiana First Circuit denied his writ application on June 21, 2021.[56]   On November 23, 2021, the Louisiana Supreme Court denied Strickland's related writ application finding "[t]he application was not timely filed in

---

[49]   State Rec., Vol. 3 of 5, Second or Subsequent Uniform Application for Postconviction Relief, 4/6/20.

[50]   *Id.,* at p. 4.

[51]   State Rec., Vol. 3 of 5, Motion to Dismiss Post-Conviction Relief, 12/16/20.

[52]   State Rec., Vol. 3 of 5, Order, 12/30/20.

[53]   State Rec., Vol. 3 of 5, Motion to Reconsider Order and Request for Extension of Time to File Response to Order to Show Cause, 1/25/21.

[54]   State Rec., Vol. 3 of 5, Order 1/27/21; Order 2/2/21.

[55]   Rec. Doc. 1-2, pp. 55-68.

[56]   *State v. Strickland*, 2021 KW 0369, 2021 WL 2525869 (La. App. 1st June 21, 2021); State Rec., Vol. 5 of 5.

the district court, and applicant fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So. 2d 1189."[57]

On December 14, 2021, Strickland filed the instant application for habeas corpus relief.[58]    In that application, Strickland claims: (1) the trial court exceeded its legal authority by offering him a sentence that is unauthorized by statute and unlawful in exchange for his plea in violation of the Fourteenth Amendment; and (2) his pleas are invalid as they were predicated on a promise of an illegal sentence in violation of the Fourteenth Amendment.

The State argues that the application should be dismissed as untimely.[59]    The State further contends that Strickland's claims are unexhausted.    Alternatively, the State contends that Strickland's claims are meritless.

In his traverse, Strickland claims that, on January 23, 2020, he was granted "permission" or "leave" by the state district court to file a successive application for writ of habeas corpus.[60]    He contends that, as a result, the one-year time period under AEDPA commenced on January 23, 2020, and that considering applicable tolling, he filed his habeas petition on December 14, 2021, well within the one-year period.

For the following reasons, the Court agrees that the application is untimely.

### Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28

---

[57]    *State v. Strickland*, No. 2021-KH-01148 (La. 11/23/21), 328 So. 3d 66; State Rec., Vol. 5 of 5.

[58]    Rec. Doc. 1, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

[59]    Rec. Doc. 9.

[60]    Rec. Doc. 11, at pp. 2-4.

U.S.C. § 2241 et seq., governs the filing date for this action because Smith filed his habeas

petition after the AEDPA's effective date.    *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059,

138 L.Ed.2d 481 (1997).    Title 28 U.S.C. § 2244(d) provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Typically, a petitioner must bring his Section 2254 claims within one year of the date on

which his underlying criminal judgment becomes "final."    With regard to finality, the

United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."    28 U.S.C. § 2244(d)(1)(A).    When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.    *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).    However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."    *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for

federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

As previously stated, Strickland was sentenced on November 14, 2001. His state criminal judgment of conviction became final for AEDPA purposes, and his federal limitations period therefore commenced, on December 14, 2001, when his time for filing an appeal under state law expired.[61] Under a plain reading of the statute, Strickland then had one year, until December 14, 2002, by which to file his habeas corpus petition. Strickland did not file the instant federal habeas petition with this Court until December 14, 2021, nearly 20 years later. Thus, his application must be dismissed as untimely unless the deadline was extended through tolling.

### A. Statutory Tolling

Regarding the tolling of the statute of limitations, the AEDPA expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" pursuant to § 2244(d)(2) "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Here, the state court record shows that, after 145 days, Strickland filed a motion to

---

[61] *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty (30) days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914.

enforce the plea agreement or withdraw his plea on May 8, 2002.[62]    That was denied June 18, 2002.[63]    Strickland did not file a supervisory writ application with the Louisiana First Circuit Court of Appeal.    Thus, the one-year federal limitations period resumed running as of July 19, 2002, when Strickland did not challenge the ruling and his application ceased to be pending.[64]    Thereafter, the remainder of the one-year limitations period continued to run uninterrupted until it expired 220 days later, on February 24, 2003.    Strickland's second motion to withdraw his pleas and his first application for post-conviction relief were not filed with the state district court until November 2 and 6, 2003, respectively.    Neither his motion nor his application, could revive the one-year federal limitations period, which had expired months earlier.    *See Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)).    Similarly, none of Strickland's other numerous state court filings lodged over the past nearly two decades revived the AEDPA limitations period.    Simply put, once the federal limitations period expired, "[t]here was nothing to toll."    *Butler*, 533 F.3d at 318.

As indicated, Strickland specifically claims that the AEDPA limitations period began on January 23, 2020, when the state district court dismissed his civil action, but granted him leave to file another application for post-conviction relief.    In support of his position,

---

[62]    State Rec., Vol. 3 of 5, Motion for Enforcement of Plea Agreement and/or Withdrawal of Guilty Plea, 5/8/02.

[63]    State Rec., Vol. 1 of 5, Minute Entry, 6/18/2002.

[64]    *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001) (holding that § 2244(d)(2) tolls the entire period allotted for timely state appellate review).

Strickland relies on *Jimenez v. Quarterman*, 555 U.S. 113 (2017).    Strickland's reliance on *Jimenez* is misplaced.    In *Jimenez*, the Supreme Court held that when "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief," his judgment is not "final" until the conclusion of the out-of-time appeal.    555 U.S. at 121.    In this case, the January 23, 2020 order did <u>not</u> grant Strickland the right to file an out-of-time direct appeal. Further, the only motion Strickland filed seeking an out-of-time appeal was <u>denied</u> on May 4, 2012.    Accordingly, Strickland is not entitled to a re-start of his prescriptive period by virtue of the January 23, 2020 order.[65]

### B.  Equitable Tolling

The AEDPA's statute of limitations is also subject to equitable tolling.    *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L.Ed.2d. 130 (2010).    However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."    *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); *see also Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (petitioner bears the burden of proof to establish entitlement to equitable tolling). (internal quotation marks omitted).    A petitioner bears the burden of proof to establish entitlement to equitable tolling.    *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

---

[65]    Additionally, the Louisiana Supreme Court rejected Strickland's 2020 state post-conviction application as time-barred under La. Code Crim. P. art. 930.8.    "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of 2244(d)(2)."    *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).    *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) (finding the petitioner "was not entitled to tolling of AEDPA's [one]-year statute of limitations" because his "petition for state [PCR] was rejected as untimely by the Alabama courts").

Strickland does not argue that equitable tolling applies in this case.    Furthermore, the record shows an inexplicable lack of diligence on his part in filing for federal habeas corpus relief and no extraordinary circumstances that would warrant equitable tolling.    It is well-settled that mistake, ignorance of the law, and a prisoner's pro se status and lack of legal training do not constitute rare and exceptional circumstances warranting equitable tolling.    *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Tate v. Parker*, 439 F. App'x 375 (5th Cir. 2011) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling"); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ([E]quitable tolling "is not intended for those who sleep on their rights"). Accordingly, the Court finds that Strickland is not entitled to equitable tolling.

### C.  *Actual Innocence*

In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass ... [to excuse] the expiration of the statute of limitations."    *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]"    *Id.*    To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence ... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence.

*Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).    Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.    *McQuiggin*, 133 S. Ct. at 1936.

Here, however, Strickland has presented no new evidence whatsoever, compelling or otherwise.    Accordingly, he has not met even "the threshold requirement" for *McQuiggin* to apply.    *McQuiggin*, 569 U.S. at 386.    As a result, the "actual innocence" exception does not aid him.

In sum, the instant petition was filed beyond the one-year federal limitations period. Strickland has not established any credible basis for statutory or equitable tolling that would make the instant petition timely.    Therefore, his federal habeas corpus petition should be dismissed with prejudice as untimely.[66]

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Jeremy G. Strickland's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[66]  Given the dispositive finding that the federal petition is untimely, the report does not address the additional consideration of procedural default alleged by the State.

consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[67]

New Orleans, Louisiana, this ___22nd___ day of _____June_____, 2022.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[67] *Douglass* referenced the previously applicable 10-day period for the filing of objections.    Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.