## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JEREMY G. STRICKLAND,**                                    CIVIL ACTION
    **Plaintiff**

**VERSUS**                                                   NO.  21-2307

**TRAVIS DAY, WARDEN**                                       SECTION: "E" (5)
**RAYBURN CORRECTIONAL CENTER,**
    **Defendants**

### ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Michael North, recommending Petitioner Jeremy Strickland's petition for Writ of Habeas Corpus[2] be dismissed with prejudice. Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[3] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation[4] as its own and hereby **DENIES** Petitioner's application for relief.

### BACKGROUND

The underlying facts of this case and its lengthy procedural history are outlined in depth in the Magistrate Judge's Report and Recommendation and need not be repeated here.[5] However, a brief outline of certain material facts is useful for the resolution of this case.

"On October 22, 2001, after the trial judge offered him a sentence of 40 years, [Petitioner] entered a best interest plea of no contest. On November 14, 2001, [Petitioner] was sentenced to 40 years as to each count of forcible rape and kidnapping, 15 years as to

---

[1] R. Doc. 12.
[2] R. Doc. 1.
[3] R. Doc. 13.
[4] R. Doc. 12.
[5] *Id.* at pp. 1-10.

each count of oral sexual battery, and 90 days as to false impersonation, each to run concurrent and coterminous."[6] Over the next two decades, Petitioner filed numerous motions, appeals, and writs, challenging his conviction and his plea agreement, some of which are described below.[7]

On May 8, 2002, after the Louisiana Department of Corrections informed him he was serving a "flat" 40-year sentence, Petitioner filed a motion to enforce the plea agreement or withdraw his plea.[8] The motion was denied on June 18, 2002.[9] On November 2, 2003, Petitioner filed a motion to withdraw his plea, which was denied by the state district court on November 10, 2003.[10] Following this motion to withdraw, Petitioner filed several writ applications and a habeas corpus petition in state court, all of which were denied.[11] On December 5, 2014, Petitioner filed a motion to enforce the plea agreement.[12] Petitioner alleged the use of the word "coterminous" had been unclear to him and he believed it to mean he would be released upon completion of the shortest term of incarceration.[13] The motion was denied on May 6, 2015.[14] Between 2015 and 2017, Petitioner filed at least two other writ application, a second state habeas corpus petition, and a civil suit, all of which were denied or dismissed.[15]

On January 8, 2020, Petitioner brought a civil action in the Twenty-First Judicial District Court for contractual and constitutional violations.[16] On January 23, 2020, the Twenty-Frist Judicial District Court dismissed Petitioner's suit, reasoning Petitioner's

---

[6] *Id.* at pp. 1-2.
[7] *Id.* at pp. 2-10.
[8] *Id.* at p. 2.
[9] *Id.*
[10] *Id.* at p. 3.
[11] *Id.* at pp. 3-6.
[12] *Id.* at p. 6.
[13] *Id.*
[14] *Id.*
[15] *Id.* at pp. 6-8.
[16] *Id.* at p. 8.

"proper remedy would be to seek relief in the criminal proceeding giving rise to this claim through an action such as through post-conviction relief."[17] The state court dismissed the suit "with leave to Petitioner to seek relief through the proceedings giving rise to his criminal prosecution."[18] In response to the state court's order, Petitioner filed another application for post-conviction relief, which was dismissed on December 30, 2020.[19] Petitioner subsequently brought related writ applications to the Louisiana Court of Appeal for the First Circuit and the Louisiana Supreme Court, both of which were denied.[20] Lastly, on December 14, 2021, Petitioner brought the instant application for habeas corpus relief.[21] The Magistrate Judge now having written a Report and Recommendation, the Court reviews.

## **STANDARD OF REVIEW**

In reviewing the Magistrate Judge's Report and Recommendations, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[22]  As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[23]  A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[24] The Magistrate

---

[17] R. Doc. 1-2 at p. 20.
[18] *Id*. at p. 20.
[19] R. Doc. 12 at pp. 8-9.
[20] *Id*. at pp. 9-10.
[21] *Id*. at p. 10; R. Doc. 1.
[22] *See* 28 U.S.C. § 636(b)(1)(C) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[23] *Id*. §(b)(1)(A).
[24] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Judge's legal conclusions are contrary to law when the Magistrate Judge misapplies case law, a statute, or a procedural rule.[25]

## DISCUSSION

Petitioner brought two claims in his Writ of Habeas Corpus: (1) the trial court exceeded its legal authority by offering Petitioner a definite sentence in exchange for Petitioner accepting the sentence agreement;[26] and (2) Petitioner's guilty plea is structurally flawed, as it is predicated on a promise of an illegal sentence.[27] The Magistrate Judge did not reach the merits of Petitioner's claims in the Report and Recommendation, finding the Writ was untimely under 28 U.S.C. § 2244(d)(1)(A).[28] Petitioner objects to the Magistrate Judge's finding of untimeliness.[29] Petitioner further objects to the Magistrate Judge's finding that the exceptions of statutory and equitable tolling do not revive the otherwise untimely filing.[30] After a *de novo* review of the Magistrate Judge's conclusion that the Writ of Habeas Corpus was untimely, this Court agrees with the findings of the Magistrate Judge and adopts the Report and Recommendation as its own.

## I.   Petitioner's Writ of Habeas Corpus is Untimely under 28 U.S.C. § 2244(d)(1)(A).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") placed limitations on the amount of time incarcerated individuals in state prisons have to seek federal habeas corpus relief.[31] 28 U.S.C. § 2244(d) provides a one-year period of limitation

---

[25] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *see also Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016) ("A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.") (internal quotation marks and citation omitted).
[26] R. Doc. 1-1 at p. 7.
[27] *Id.* at p. 9.
[28] R. Doc. 12 at p. 16.
[29] R. Doc. 13 at p. 2.
[30] *Id.*
[31] 28 U.S.C. § 2441, *et seq.* (2018).

for petitioners to file a writ of habeas corpus, running from the latest of four specified dates.[32] In relevant part, the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> A. the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[33]

In defining finality for the purpose of 28 U.S.C. § 2244(d)(1)(A), the United States Court of Appeals for the Fifth Circuit has explained if the defendant fails to appeal a conviction, "the conviction becomes final when the time for seeking further direct review in the state court expires."[34] In the instant case, Petitioner was sentenced on November 14, 2001.[35] His judgment of conviction became final under the AEDPA on December 14, 2001, after his 30-day period to appeal his conviction had run.[36] Petitioner did not file this Writ of Habeas Corpus until December 14, 2021, roughly twenty years later.[37]

---

[32] *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012).
[33] 28 U.S.C. § 2244(d) (2018).
[34] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).
[35] R. Doc. 12 at p. 1. Although federal law applies to determine when a judgment is final under the AEDPA, the Fifth Circuit considers state law when determining how long a petitioner has to seek direct review. *Id.* In Louisiana, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. LA. CODE CRIM. P. art. 914.
[36] R. Doc. 12 at p. 2.
[37] R. Doc. 1.

Petitioner objects to the finding of untimeliness.[38] Petitioner alleges, on January 23, 2020, a state court granted him leave to file an application for post-conviction relief.[39] On January 23, 2020, the Twenty-First Judicial District Court dismissed Petitioner's suit, reasoning Petitioner's "proper remedy would be to seek relief in the criminal proceeding giving rise to this claim through an action such as through post-conviction relief."[40] The court dismissed the suit "with leave to Petitioner to seek relief through the proceedings giving rise to his criminal prosecution."[41] Petitioner states "[t]his equitable filing became statutorily proper when the court granted leave to file."[42] Although Petitioner's argument is not clearly outlined, Petitioner asserted this argument in more detail in his Response to Defendant's Answer and Opposition to Petitioner's Writ of Habeas Corpus.[43] In his Response, Petitioner characterizes the state court's grant of leave to file an application for post-conviction relief as permission to file an "out-of-time direct appeal." In support of this assertion, he cites *Jiminez v. Quarterman*, in which the United States Supreme Court held when "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' . . . until the conclusion of the out-of-time direct appeal."[44]

Petitioner's assertion that he was granted an out-of-time direct appeal is a mischaracterization of the state court's order. The state court did not grant an out-of-time appeal. Rather, it merely dismissed the suit to allow Petitioner to pursue relief through criminal, rather than civil, proceedings, as "there is no cause of action in a civil proceeding

---

[38] R. Doc. 13 at p. 2.
[39] *Id.* at p. 3.
[40] R. Doc. 1-2 at p. 20.
[41] *Id.* at p. 20.
[42] R. Doc. 13 at p. 3.
[43] R. Doc. 11 at p. 4.
[44] 555 U.S. 113, 121 (2017).

to seek the relief sought by Petitioner."[45] The January 23, 2020, state court order had no effect on Petitioner's one-year period of limitation under the AEDPA. Accordingly, Petitioner's Writ of Habeas Corpus is untimely.

## II.   No Exceptions Warrant Allowing Petitioner's Untimely Writ of Habeas Corpus to Proceed.

A court may allow an untimely writ of habeas corpus to proceed when an exception applies.[46] Such exceptions include statutory and equitable tolling.[47] Petitioner objects to the Magistrate Judge's determination that neither statutory nor equitable tolling renders the Petitioner's filing timely.[48] Petitioner's objections are without merit.

The Court agrees with the Magistrate Judge's conclusion that statutory tolling does not make Petitioner's filing timely. Statutory tolling is provided for in 28 U.S.C. § 2244(d)(2), which states: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[49]

As previously stated, Petitioner was convicted of the underlying crimes on November 15, 2001.[50] His judgment of conviction became final under the AEDPA on December 14, 2001, after his 30-day period to appeal his conviction had run.[51] Accordingly, Petitioner's one-year period of limitations began to run on December 15, 2001.[52]

---

[45] R. Doc. 1-2 at p. 20.

[46] 28 U.S.C. § 2244(d)(2); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

[47] *Id.* The Magistrate Judge's report also discusses the "actual innocence" exception. R. Doc. 12 at p. 15. However, Petitioner did not object to the Magistrate Judge's conclusion that this exception did not apply. R. Doc. 13. The Court reviews this issue under a contrary to law standard. *Moore*, 755 F.3d at 806. The Court finds the Magistrate Judge's conclusion that the "actual innocence" exception does not apply is not contrary to law.

[48] R. Doc. 13 at p. 2.

[49] 28 U.S.C. § 2244(d)(2).

[50] R. Doc. 12 at p. 1.

[51] *Id.* at p. 2.

[52] *Id.*

Petitioner's one-year period of limitations ran until he filed a motion to enforce or withdraw his plea agreement on May 8, 2002.[53] Upon filing the motion, Petitioner's period of limitation was paused, having run for 145 days.[54] The state court dismissed Petitioner's motion on June 18, 2002.[55] Petitioner did not appeal the court's dismissal, and the dismissal became final on July 19, 2022, after the time to appeal had expired.[56] At that point, Petitioner's one-year period began to run again until it expired in full on February 24, 2003.[57] While Petitioner's first motion to withdraw his plea agreement initially delayed the expiration of the period of limitation for a few weeks, it does not cure the fact Petitioner failed to file a writ of habeas corpus for nearly two decades.

The Court agrees with the Magistrate Judge's findings that equitable tolling is inapplicable in this case. A court may allow equitable tolling of the one-year period of limitation if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[58] "[A] litigant seeking equitable tolling bears the burden of establishing [the] two elements" are met.[59] However, a "petitioner's lack of diligence precludes equity's operation."[60]

Petitioner did not raise equitable tolling before the Magistrate Judge.[61] Because he did not raise the issue, nor set forth facts in support of it, the Court finds Petitioner has not carried his burden on this issue. Even if Petitioner had raised the issue, an extension on the basis of equitable tolling would not be warranted. Petitioner has failed to

---

[53] *Id.*
[54] *See id.*
[55] *Id.*
[56] *Id.* at p. 2-3.
[57] *See id.*
[58] *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).
[59] *Pace*, 544 U.S. at 418.
[60] *Id.* at 419.
[61] R. Doc. 12 at p. 15.

demonstrate he pursued his rights diligently.[62] Over the past two decades, Petitioner has filed over 15 motions, writs, or other appellate procedures.[63] While Petitioner diligently pursued other legal avenues, he waited nearly twenty years before seeking federal habeas relief.[64] Second, Petitioner has not put forth any extraordinary circumstances that stood in his way of timely filing a writ of habeas corpus. The fact that Petitioner sought relief in so many other forms over the past decades suggests no extraordinary circumstances stood in his way of filing a writ of habeas corpus, as well.[65] Accordingly, Petitioner's writ of habeas corpus should be dismissed, with prejudice, as untimely.

## CONCLUSION

The Court finds no merit in Petitioner's objections. The Petitioner has failed to specifically object to the remaining findings of the Magistrate Judge, so the Court reviews them under a clearly erroneous or contrary to law standard. The findings are not clearly erroneous or contrary to law.

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge North's Report and Recommendation[66] as its own and hereby **DENIES** Petitioner's Writ of Habeas Corpus.

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 29th day of August, 2022.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[62] *Pace*, 544 U.S. at 418-19 (finding that petitioner was not entitled to equitable tolling where petitioner waited years, without justification, to assert claims).
[63] R. Doc. 12 at pp. 1-10.
[64] R. Doc. 1.
[65] *See* R. Doc. 12 at pp. 1-10.
[66] R. Doc. 12.